AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☑ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---- OFFENSE CHARGED ----

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHMENT

---- DEFENDANT - U.S. ----

▶ MABELLE DE LA ROSA DANN

DISTRICT COURT NUMBER
CR-08-0390 CW

FILED
FEB - 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- PROCEEDING ----

Name of Complainant Agency, or Person (&Title, if any)

Immigration and Customs Enforcement

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.
4-08-70330WDB

Name and Office of Person Furnishing Information on THIS FORM    JOSEPH P. RUSSONIELLO
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    ANDREW S. HUANG, AUSA

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of Institution _____

Has detainer been filed?  ☐ Yes  ☐ No    } If "Yes" give date filed _____

DATE OF ARREST ▶    Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

<u>Attachment to Penalty Sheet</u>
<u>United States v. Mabelle de la Rosa Dann, No. CR 08-0390 CW</u>

**Count One: 18 U.S.C. §§ 371 and 1546(a) – Conspiracy to commit visa fraud**

    Penalties: maximum of 5 years imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

**Count Two: 18 U.S.C. § 1546(a) – Visa fraud**

    Penalties: maximum of 10 years imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

**Count Three: 18 U.S.C. §§ 1589 and 1594 – Forced labor and attempted forced labor**

    Penalties: maximum of 20 years imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

**Count Four: 18 U.S.C. § 1592 – Unlawful conduct regarding documents in furtherance of servitude**

    Penalties: maximum of 5 years imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

**Count Five: 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) – Harboring an illegal alien for private financial gain**

    Penalties: maximum of 10 years imprisonment, 3 years supervised release, $250,000 fine, and $100 special assessment

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

UNITED STATES OF AMERICA,

V.

CR-08-390-CW

MABELLE DE LA ROSA DANN
a/k/a MABELLE DE LA ROSA CRABBE,

DEFENDANT(S).

## SUPERSEDING INDICTMENT

18 U.S.C. §§ 371 and 1546 – Conspiracy to Commit Visa Fraud; 18 U.S.C. §1546 – Visa Fraud;18 U.S.C. §§ 1589 and 1594 – Forced Labor; 18 U.S.C. § 1592 –Unlawful Conduct Regarding Documents in Furtherance of Servitude; 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) – Harboring an Illegal Alien for Private Financial Gain

A true bill.

_____ Foreman

Filed in open court this 4TH day of FEBRUARY 2009

_____ Clerk

Bail, $ No process; 2/4/09

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney

FILED
FEB - 4 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MABELLE DE LA ROSA DANN (a/k/a MABELLE DE LA ROSA CRABBE),<br><br>Defendant. | No. CR 08-0390 CW<br><br>VIOLATIONS:<br>18 U.S.C. §§ 371 and 1546 – Conspiracy to Commit Visa Fraud; 18 U.S.C. § 1546 – Visa Fraud; 18 U.S.C. §§ 1589 and 1594 – Forced Labor; 18 U.S.C. § 1592 – Unlawful Conduct Regarding Documents in Furtherance of Servitude; 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) – Harboring an Illegal Alien for Private Financial Gain<br><br>OAKLAND VENUE |

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

COUNT ONE: (18 U.S.C. §§ 371 and 1546 – Conspiracy to Commit Visa Fraud)

1.      Beginning sometime unknown to the Grand Jury, but no later than in or about June 2005, and continuing through in or about June 2008, in the Northern District of California and elsewhere, the defendant,

MABELLE DE LA ROSA DANN,

did knowingly and willfully conspire with other persons, known and unknown to the Grand Jury, to commit offenses against the United States, specifically, to knowingly use, attempt to use, possess, obtain, accept, and receive a nonimmigrant visa, namely, a B1 visa with control number

SUPERSEDING INDICTMENT
No. CR 08-0390 CW                                    1

ending in "0001" issued on or about September 8, 2005 in the name of Z.P.C., which the defendant knew to be procured by means of a false claim and statement and fraud and otherwise unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

## MANNER AND MEANS OF THE CONSPIRACY

2.   It was part of the conspiracy that defendant and others known and unknown to the Grand Jury would and did assist Z.P.C. in fraudulently obtaining a visa, including assistance with the visa application form and interview, to enable Z.P.C.'s entry into the United States.

3.   It was further part of the conspiracy that defendant and others known and unknown to the Grand Jury would and did assist Z.P.C. in traveling from Peru to the United States, specifically, Walnut Creek, California, in the Northern District of California, to enable Z.P.C. to reside with and work for defendant as a domestic servant.

4.   It was further part of the conspiracy that defendant and others known and unknown to the Grand Jury would and did possess Z.P.C.'s visa for the purpose of exercising control over and obtaining the labor and services of Z.P.C. for defendant.

## OVERT ACTS

5.   As part of the conspiracy, to further the objects thereof and in order to enable Z.P.C. to travel into the United States to work for defendant, defendant and others known and unknown to the Grand Jury ("unindicted coconspirators") did the following:

   a.   Assisted Z.P.C. in fraudulently obtaining a B1 visa with control number ending in "0001" issued on or about September 8, 2005, which enabled Z.P.C. to enter the United States for purposes of working for defendant;

   b.   Paid for other individuals, including one or more unindicted coconspirators, to meet with, prepare and assist Z.P.C., from in or about June 2005 until in or about September 2005, in fraudulently obtaining a B1 visa with control number ending in "0001" issued on or about September 8, 2005, including completion of the visa application form and answering questions during the visa interview;

//
//

SUPERSEDING INDICTMENT
No. CR 08-0390 CW                              2

      c.      On or about August 30, 2005, an unindicted coconspirator signed a Nonimmigrant Visa Application for Z.P.C. that falsely stated that Z.P.C. was employed by that unindicted coconspirator;

      d.      On or about August 30, 2005, an unindicted coconspirator signed a Nonimmigrant Visa Application for Z.P.C. that falsely stated that the purpose of Z.P.C.'s trip was tourism and that Z.P.C. was not intending to work in the United States;

      e.      On or about August 30, 2005, an unindicted coconspirator signed a Nonimmigrant Visa Application for Z.P.C. that falsely stated that Z.P.C. would stay at the Hotel Paradise Inn in Miami during her stay in the United States and that Z.P.C. intended to stay for seven days;

      f.      Arranged for an unindicted coconspirator to accompany Z.P.C. to the United States Embassy in Lima, Peru for Z.P.C.'s visa application interview in or about September 2005;

      g.      Arranged and paid for an unindicted coconspirator to accompany Z.P.C. to fly from Peru to San Francisco, California on or about July 27, 2006;

      h.      Defendant and the unindicted coconspirator who accompanied Z.P.C. from Peru to the United States possessed Z.P.C.'s passport and B1 visa with control number ending in "0001" from shortly after the time Z.P.C. received the visa until execution of a federal search warrant at the home of defendant on or about June 6, 2008, with the exception of occasions where Z.P.C. briefly held the visa in the presence of defendant and the unindicted coconspirator, such as when she was required to display her passport and visa to United States immigration authorities upon entering the United States on or about July 27, 2006;

      i.      On or about July 27, 2006, defendant took possession of Z.P.C.'s passport and visa from the unindicted coconspirator who accompanied Z.P.C. from Peru to the United States;

//

//

SUPERSEDING INDICTMENT  
No. CR 08-0390 CW                              3

j. On multiple occasions between in or about July 2006 and in or about April 2008, defendant "reminded" Z.P.C. that defendant was in possession of Z.P.C.'s visa, passport, and other government identification; and

k. On or about April 16, 2008, defendant, while in possession of Z.P.C.'s visa, passport, and other government identification, and in response to an inquiry from the Walnut Creek Police Department, falsely denied being in possession of such documents.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: (18 U.S.C. § 1546(a) – Visa Fraud)

6. Beginning sometime unknown to the Grand Jury, but no later than in or about June 2005, and continuing through in or about June 2008, in the Northern District of California and elsewhere, the defendant,

MABELLE DE LA ROSA DANN,

did knowingly use, attempt to use, possess, obtain, accept, and receive a nonimmigrant visa, namely, a B1 visa with control number ending in "0001" issued on or about September 8, 2005 in the name of Z.P.C., which the defendant knew to be procured by means of a false claim and statement and fraud and otherwise unlawfully obtained, specifically, that the visa application falsely stated that:

a. Z.P.C. was employed by S.L.R.F.;
b. The purpose of Z.P.C.'s trip was tourism;
c. Z.P.C. was not intending to work in the United States;
d. Z.P.C. would stay at the Hotel Paradise Inn in Miami during her stay in the United States; and
e. Z.P.C. intended to stay in the United States for seven days.

All in violation of Title 18, United States Code, Section 1546(a).

//
//
//

COUNT THREE: (18 U.S.C. §§ 1589 and 1594(a) – Forced Labor and Attempted Forced Labor)

7. Beginning in or about July 2006 and continuing through in or about April 2008, in the Northern District of California, the defendant,

MABELLE DE LA ROSA DANN,

did knowingly obtain and attempt to obtain the labor and services of Z.P.C. through:

    a. threats of serious harm to Z.P.C. and other persons;

    b. means of a scheme, plan and pattern intended to cause Z.P.C. to believe that if she did not perform such labor and services, she and other persons would suffer serious harm; and

    c. means of the abuse and threatened abuse of the law and legal process.

All in violation of Title 18, United States Code, Sections 1589 and 1594(a).

COUNT FOUR: (18 U.S.C. § 1592 – Unlawful Conduct Regarding Documents in Furtherance of Servitude)

8. Beginning in or about July 2006 and continuing through in or about April 2008, in the Northern District of California, the defendant,

MABELLE DE LA ROSA DANN,

did knowingly conceal, remove, confiscate, and possess the actual and purported passport, immigration document, and government identification document of Z.P.C. in the course of a violation of Title 18, United States Code, Sections 1589 and 1594(a), and with intent to violate Title 18, United States Code, Section 1589, and to prevent and restrict and to attempt to prevent and restrict, without lawful authority, Z.P.C.'s liberty to move and travel, in order to maintain the labor and services of Z.P.C., when Z.P.C. was and had been a victim of a severe form of trafficking in persons as defined in Title 22, United States Code, Section 7102, all in violation of Title 18, United States Code, Section 1592.

//

//

//

SUPERSEDING INDICTMENT
No. CR 08-0390 CW            5

COUNT FIVE: (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) – Harboring an Illegal Alien for Private Financial Gain)

9. Beginning in or about July 2006 and continuing to in or about April 2008, in the Northern District of California, the defendant,

MABELLE DE LA ROSA DANN,

knowing and in reckless disregard of the fact that an alien, namely, Z.P.C., had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection, and did attempt to conceal, harbor, and shield from detection, such alien in buildings and other places, for the purpose of private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (B)(i).

DATED: February 4, 2009

A TRUE BILL.

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

W. Douglas Sprague
Chief, Oakland Branch

(Approved as to form: _____ )
AUSA HUANG

SUPERSEDING INDICTMENT
No. CR 08-0390 CW                                  6