IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>    Plaintiff,  <br>    v.  <br>MABELLE DANN,  <br>    Defendant.                  / | No. 08-00390 CW  <br>ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE  <br>(Docket No. 120) |

On April 22, 2010, the Court sentenced Defendant Mabelle Dann to sixty months imprisonment. In addition, the Court ordered Defendant to pay $123,740.34 in restitution. As part of the restitution order, the Court ordered that "any payments made by [Defendant's ex-husband Robert] Crabbe toward back child support that he owes shall be signed over to the victim as payment towards restitution." Defendant moves to correct the Court's order to exclude these back child support payments. The government opposes the motion. Having considered all of the papers filed by the parties, the Court DENIES Defendant's motion.

DISCUSSION

Federal Rule of Criminal Procedure 35(a) provides that, within seven days after sentencing, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

Defendant argues that, under California law, child support arrearages are owed to the child, not the parent, and accordingly the Court may not order Defendant to assign child support arrearages to the victim because the money is not hers to assign.

California law is not clear on this issue.  In Williams v. Williams, 8 Cal. App. 3d 636, 640 (1970), the California Court of Appeal held that child support arrearages could not be offset by a debt owed by the custodial parent to the non-custodial parent.  The court held that child support, like alimony, is not an "ordinary debt" but rather a court-imposed obligation to provide for one's child.  Id. at 639.  Furthermore, the court recognized that an offset was not available because the child support obligation was due to the child, not to the non-custodial parent.  Id. at 640. "If [child support] be considered a debt it is, in essence, a debt owing to the child . . . the parent, to whom such support is paid, is but a mere conduit for the disbursement of the support."  Id.

In In re Marriage of Utigard, 126 Cal. App. 3d 133 (1981), the California Court of Appeal held that adult children could not sue as beneficiaries of the back child support owed to their mother. The court held that "where the purpose of securing the arrearages is reimbursement of a parent for having supported the children, the beneficiary is the parent and not the child."  Id. at 142.  The court also noted that "courts have presumed that where the action is for accrued child support, it is one for reimbursement to the 'custodial' parent, notwithstanding the fact that the award itself may have been for the benefit of the child."  Id. at 143 (emphasis in original).  However, the court also stated that "we do not reach

2

1   the question under what conditions the children might be deemed the
2   beneficiaries of arrearages in child support." Id.

3   In In re Marriage of Damico, 7 Cal. 4th 673, 685 (1994), the
4   California Supreme Court held that a custodial parent could be
5   estopped from pursuing a suit for child support arrearages if the
6   parent deliberately concealed the children from the non-custodial
7   parent until after the children reached the age of majority.  In
8   such a case, the Court determined that the custodial parent was
9   "seeking payment of the arrearages to herself, not to the child."
10  Id. at 684.  The Court reasoned that in such circumstances, "[t]he
11  harm [the] mother did to the child by denying [his] father's
12  companionship and financial support should not now entitle her to
13  arrearages, many years later, that can no longer benefit the
14  child." Id. at 685.  In so holding, the Court reserved the
15  question of whether concealment that ended before the child reached
16  the age of majority might mandate a different result, because in
17  that circumstance the child "might yet benefit from payment of the
18  arrearage." Id.

19  Finally, in In re Marriage of Comer, 14 Cal. 4th 504 (1996),
20  the California Supreme Court addressed the issue left open in
21  Damico, and held that, when the concealment ended before the
22  children reached the age of majority, estoppel would not apply
23  because the minor children "might still benefit from the father's
24  payment of child support arrearages." Id. at 517.  The court
25  emphasized that "[t]he single most important consideration in an
26  action for child support is the need of the child." Id. (citations
27  omitted).  Accordingly, because the children were still minors and

3

required the support of their parents, requiring the non-custodial parent to pay arrearages to the custodial parent despite the custodial parent's wrongdoing was not unjust. Id. at 518.

Although no authority directly addresses the issue presented in this motion, case law appears to support the view that child support in the form of arrearages is a debt owed to the children if the children stand to benefit from the payments. The debt is owed to the custodial parent when the children will not benefit from the payment of the arrearages.

Here, Defendant will be incarcerated for a period of years. Child support arrearages paid to her will not benefit her children during her period of incarceration. Accordingly, the Court will not modify its restitution order at this time. If child support arrearages are received by Defendant at a time when she has custody of the children and needs the arrearages to support them, she may move for a modification of the restitution order, setting out her financial circumstances and how the money will be used for the benefit of her children. Similarly, if Defendant receives arrearages at a time when someone other than herself or Crabbe has custody of the children, and the money is needed to support the children, she can move to modify the restitution order so that she is allowed to sign over the arrearages to the guardian rather than to the victim. During the time these child support arrearages were accruing, Defendant and her children were receiving the benefit of unpaid childcare services from the victim. It is equitable that these arrearages be paid over, although belatedly, to the victim.
//

4

CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. (Docket No. 120).

IT IS SO ORDERED.

Dated: 07/22/10

CLAUDIA WILKEN
United States District Judge

5